BLANCO, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in Habeas Corpus Proceedings.

No. 2960.—Decided June 11, 1923.

HABEAS CORPUS—DIVORCE—CUSTODY OF CHILD—EVIDENCE.—After a decree of divorce had been rendered in favor of the wife and giving her the custody of the child the husband took possession of the child without application to the court. Habeas corpus was brought by the mother and judgment was rendered in her favor. On appeal it was *held:* That the decree of divorce established a *prima facie* case in favor of the plaintiff; therefore, the burden was on the defendant to prove his case or show that circumstances had arisen which changed the conditions that existed when the divorce was decreed.

ID.—ID.—ID.—ID.—In a contention between parents for the custody of a child proof that the father was in a better financial condition than the mother is of little value.

The facts are stated in the opinion.

Messrs. *García Méndez & García Méndez* for the appellant.

Messrs. *Reichard & Reichard* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Alejandrina Blanco Chacón and José Hernández Ríos were married in 1916 and had a child Gilberto, born on the 3rd of July, 1918. On the 29th day of April, 1922, in a mutual suit for divorce the District Court of Aguadilla rendered judgment in favor of the wife and awarded her the custody of the child Gilberto, but allowed the father to maintain family relations with the said child. Not content with this right, the father seized the child and took entire charge of it to the exclusion of the mother. The latter brought the present suit of habeas corpus and obtained judgment in her favor. Naturally, as a prima facie case, she needed nothing more than the judgment in the divorce case. The defendant appealed.

The defendant, to defeat the application for the custody of the child, set up in his answer or return that he took possession of the child, first, because he found it wandering through the streets at various hours of the day with no one to look after it; second, because he knew that the mother was negligent in the care of the child, maltreating it, and that the said mother had neither the moral nor the financial conditions to justify the retention of the child.

What the District Court of Aguadilla could have done, if its jurisdiction had been properly invoked, would have been to send the appellant to jail for contempt in not obeying its order. The appellant had no right to take the law in his own hands, but should have made due application to the court for the custody of the child if circumstances

had arisen which changed the conditions at the time of the divorce decree.

The District Court of Aguadilla again found in favor of the mother. We shall give no attention to various alleged errors in regard to the admission of testimony, because the burden was on the defendant, and especially after the decree of the court, to prove that the mother was not entitled to the custody of the child. Similarly, the excluded evidence was either not properly objected to or error properly assigned or the exclusion was harmless. The only real question is whether the father demonstrated that the mother was not a proper custodian for the child.

As is frequent in this sort of a controversy, there was evidence that the father was better able to support the child than the mother, but the court found that the mother could support the child well enough and there is nothing to contradict this finding. We also agree with the suggestion made by the court or the appellee that the father might either help out or help out more if necessary, it being a little doubtful if he was doing his share. There was some evidence of the child's wandering around the streets alone, but the court either did not believe the witnesses or thought the charge frivolous. We find no sufficient justification in any other respect that the mother was not a proper custodian. There was evidence besides to the contrary to the satisfaction of the court below and ourselves.

We do not find that the action of the court was in opposition to any of the principles laid down in *Chabert* v. *Sánchez*, 29 P. R. R. 225, so far as that case is applicable. Nor do we find passion or prejudice in that the court apparently threw the burden of proof on the defendant, because, as we have indicated, the burden belonged there.

Nor do we find any error in the imposition of costs.

The appellant was entirely culpable in taking possession of the child without an order of the court.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.